# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1622V

|  |  |
|---|---|
| MARIA M. BRISTOL, as executor of ESTATE OF JAMES A. BRISTOL, JR., <br><br>      Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>      Respondent. | Chief Special Master Corcoran <br><br> Filed: March 19, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA*, for Petitioner.

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC*, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On September 20, 2023, James A, Bristol, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). After Mr. Bristol sadly passed away, Maria M. Bristol, his wife and executor of his estate, was substituted as Petitioner. ECF No. 21. Petitioner alleged that Mr. Bristol suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 12, 2022. Petition at 1 ¶¶ 5, 49. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 19, 2025, I issued a ruling on entitlement, finding Petitioner entitled to compensation for Mr. Bristol's GBS. In this case, Respondent filed a combined Rule 4(c) Report and Proffer on award of compensation ("Rule 4(c) Report and Proffer") indicating

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner should be awarded $632,183.17, representing compensation in the amounts of $250,000.00 for Mr. Bristol's actual pain and suffering, $250,000.00 for the statutory benefit for a vaccine-related death, $90,571.62 for Mr. Bristol's lost earnings, and $41,611.55 for unreimbursed expenses. Rule 4(c) Report and Proffer at 5. Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c) Report and Proffer.

Pursuant to the terms stated in combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $<u>632,183.17</u>, representing compensation in the amounts of $250,000.00 for Mr. Bristol's actual pain and suffering, $250,000.00 for the statutory benefit for a vaccine-related death, $90,571.62 for Mr. Bristol's actual lost wages, and $41,611.55 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, as executor of the Estate of James A. Bristol, Jr.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Because the Rule 4(c) Report and Proffer contains detailed medical information, it will not be filed as an attachment to this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.